CENTER FOR DISABILITY ACCESS
Isabel Masanque, Esq., SBN 292673
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**, <br><br> Plaintiff, <br><br> v. <br><br> **Howard L. Hammonds**, in individual and representative capacity as trustee of the Hammonds Family Revocable Living Trust; **Ladonna G. Hammonds**, in individual and representative capacity as trustee of the Hammonds Family Revocable Living Trust; **Howard's Muffler and Hitch Inc.**, a California Corporation; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Samuel Love complains of Defendants Howard L. Hammonds, in individual and representative capacity as trustee of the Hammonds Family Revocable Living Trust; Ladonna G. Hammonds, in individual and representative capacity as trustee of the Hammonds Family Revocable Living Trust; Howard's Muffler and Hitch Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

1

Complaint

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He is a paraplegic who uses a wheelchair for mobility.

2. Defendants Howard L. Hammonds and Ladonna G. Hammonds, in individual and representative capacity as trustees of the Hammonds Family Revocable Living Trust, owned the real property located at or about 16620 Mojave Dr., Victorville, California, in December 2017.

3. Defendants Howard L. Hammonds and Ladonna G. Hammonds, in individual and representative capacity as trustees of the Hammonds Family Revocable Living Trust, own the real property located at or about 16620 Mojave Dr., Victorville, California, currently.

4. Defendant Howard's Muffler and Hitch Inc. owned the Howard's Muffler Services located at or about 16620 Mojave Dr., Victorville, California, in December 2017.

5. Defendant Howard's Muffler and Hitch Inc. owns the Howard's Muffler Services located at or about 16620 Mojave Dr., Victorville, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

Complaint

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Howard's Muffler Services in December 2017.

11. The Howard's Muffler Services is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Howard's Muffler Services.

13. Unfortunately, although parking spaces were one of the facilities specifically reserved for patrons, there were no compliant, accessible handicap parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) during plaintiff's visit.

14. The parking space ostensibly reserved for persons with disabilities did not have a marked and reserved access aisle adjacent to the stall for use by persons with disabilities during plaintiff's visit.

15. On information and belief, the plaintiff alleges that there used to be an accessible parking space and access aisle in the parking lot. However, the

3

Complaint

access aisle has been allowed to fade or get paved over.

16. Currently, the parking space reserved for persons with disabilities at Howard's Muffler Services does not have a marked and reserved access aisle adjacent to the stall for use by persons with disabilities.

17. Currently, there are no compliant, accessible parking space designed and reserved for persons with disabilities in the parking lot serving the Howard's Muffler Services.

18. The Defendants had no policy or plan in place to make sure that the parking space reserved for persons with disabilities remained useable prior to plaintiff's visit.

19. The Defendants have no policy or plan in place to make sure that the parking space reserved for persons with disabilities remain useable currently.

20. Plaintiff personally encountered this barrier.

21. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty and frustration.

22. Plaintiff would like to return and patronize the Howard's Muffler Services but will be deterred from visiting until the defendants cure the violations.

23. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

24. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

25. For example, there are numerous paint/stripe companies that will stripe

1   a parking stall and access aisle and install proper signage on short notice, for
2   modest expense—sometimes as low as $300—in full compliance with federal
3   and state access standards.

4       26. Plaintiff is and has been deterred from returning and patronizing the
5   Howard's Muffler Services because of his knowledge of the illegal barriers that
6   exist. Plaintiff will, nonetheless, return to the business to assess ongoing
7   compliance with the ADA and will return to patronize the Howard's Muffler
8   Services as a customer once the barriers are removed.

9       27. Given the obvious and blatant violation, the plaintiff alleges, on
10  information and belief, that there are other violations and barriers on the site
11  that relate to his disability. Plaintiff will amend the Complaint to provide
12  proper notice regarding the scope of this lawsuit once he conducts a site
13  inspection. However, please be on notice that the plaintiff seeks to have all
14  barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191
15  (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site,
16  he can sue to have all barriers that relate to her disability removed regardless
17  of whether he personally encountered them).

18      28. Additionally, on information and belief, the plaintiff alleges that the
19  failure to remove these barriers was intentional because: (1) these particular
20  barriers are intuitive and obvious; (2) the defendants exercised control and
21  dominion over the conditions at this location and, therefore, the lack of
22  accessible facilities was not an "accident" because, had the defendants
23  intended any other configuration, they had the means and ability to make the
24  change.

25

26

27

28

5

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

29. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

> b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

> c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

6

Complaint

1    with disabilities. 42 U.S.C. § 12183(a)(2).

2    31. Each accessible parking stall must have an access aisle adjacent to it.

3    Standard accessible parking stalls can have a 60 inch wide access while van

4    accessible stalls must have a 96 inch wide access aisle. 1991 Standards § 4.1.2

5    (5) (a) & (b) and 2010 Standards § 502.2. The access aisle must extend the full

6    length of the parking spaces it serves. *Id.* at § 502.3.2.

7    32. Here, the failure to have an access aisle is a violation of the ADA.

8    33. Any business that provides parking spaces must provide accessible

9    parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in

10   every eight of those accessible parking spaces but not less than one must be a

11   "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991

12   Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible

13   parking spaces must be van accessible. 2010 Standards § 208.2.4.

14   34. Here, the lack of an accessible parking space is a violation of the law.

15   35. A public accommodation must maintain in operable working condition

16   those features of its facilities and equipment that are required to be readily

17   accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

18   36. Here, the failure to ensure that the accessible facilities were available

19   and ready to be used by the plaintiff is a violation of the law.

20   37. Given its location and options, plaintiff will continue to desire to

21   patronize the Howard's Muffler Services but he has been and will continue to

22   be discriminated against due to the lack of accessible facilities and, therefore,

23   seeks injunctive relief to remove the barriers.

24

25   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

26   **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

27   Code § 51-53.)

28   38. Plaintiff re-pleads and incorporates by reference, as if fully set forth

7

Complaint

again herein, the allegations contained in all prior paragraphs of this complaint.

39. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

40. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: January 23, 2018        CENTER FOR DISABILITY ACCESS

By: _____

        Isabel Masanque, Esq.
        Attorney for Plaintiff

Complaint